1  James L. Payne, Bar No. 107021
   E-Mail:  jlp@paynefears.com
2  James R. Moss, Jr., Bar No. 196725
   E-Mail:  jrm@paynefears.com
3  Nathan A. Cazier, Bar No. 241744
   E-Mail:  nac@paynefears.com
4  PAYNE & FEARS LLP
   4 Park Plaza, Suite 1100
5  Irvine, CA  92614
   Telephone: (949) 851-1100
6  Facsimile:  (949) 851-1212

7  Attorneys for Defendant
   Lincoln Military Property Management, Inc.

8

9              UNITED STATES DISTRICT COURT

10          FOR THE CENTRAL DISTRICT OF CALIFORNIA

11                                  **CV11 - 10736 DMG (PJWx)**

12  JOHN COVARRUBIAS,            CASE NO. _____

13            Plaintiff,        Ventura County Superior Court
                                Case No.
14       v.                     56-2011-003948425-CU-OE-VT

15  LINCOLN MILITARY PROPERTY   **PETITION AND NOTICE OF REMOVAL**
    MANAGEMENT, INC.; DOES 1 to  **OF CIVIL ACTION UNDER 28 U.S.C.**
16  50,                          **§§ 1331 AND 1441**

17            Defendants.       **[FEDERAL QUESTION]**

18                              Action Filed:  June 13, 2010

19

20

21

22

23

24

25

26

27

28

1    TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

2    DISTRICT OF CALIFORNIA, AND TO PLAINTIFF JOHN COVARRUBIAS, AND

3    HIS COUNSEL OF RECORD:

4    PLEASE TAKE NOTICE that Defendant Lincoln Military

5    Property Management, Inc. ("Defendant" or "Lincoln") hereby

6    removes this action from the Superior Court of the State of

7    California for the County of Ventura to the United States

8    District Court for the Central District of California, on the

9    following grounds:

10

11    **PLAINTIFF'S STATE COURT ACTION**

12

13        1.   Defendant is informed and believes that on or

14    about June 13, 2011, Plaintiff John Covarrubias ("Plaintiff")

15    filed his Complaint in the Superior Court of the State of

16    California, County of Ventura, against "Lincoln Military

17    Housing."

18

19        2.   On or about November 15, 2011, Plaintiff forwarded

20    to Defendant's counsel, via U.S. Mail, a copy of a the Complaint

21    and an Amendment to the Complaint, substituting Lincoln Military

22    Property Management, Inc. as Defendant in the place of Lincoln

23    Military Housing.  A true and correct copy of the Complaint and

24    Amendment are attached hereto as Exhibit "A."  Plaintiff also

25    delivered a Notice of Acknowledgement of Receipt, a copy of which

26    is attached as Exhibit "B."

27

28        3.   On November 28, 2011, Defendant signed and served

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-1-

1   the Notice and Acknowledgement of Receipt, accepting service of

2   the Complaint effective that day.  A true and correct copy of the

3   signed Notice of Acknowledgement of Receipt is attached hereto as

4   Exhibit "C."

5

6        4.   This Notice is timely pursuant to 28 U.S.C. §

7   1446(b) and Rule 6 of the Federal Rules of Civil Procedure, in

8   that Defendant was originally served with the Complaint, via

9   Notice of Acknowledgment, no more than thirty (30) days before

10  the filing of this Notice.

11

12       5.   The documents attached hereto as Exhibits "A"

13  through "C" constitute the pleadings, process and orders served

14  upon or by Defendant in the State Court Action.

15

16       **FEDERAL QUESTION JURISDICTION UNDER**

17       **"FEDERAL ENCLAVE" DOCTRINE**

18

19       6.   "The district courts shall have original

20  jurisdiction of all civil actions arising under the Constitution,

21  laws or treaties of the United States."  28 U.S.C. § 1331.  Any

22  such action may be removed to the district court if it is

23  originally filed in a state court:

24

25       "any civil action brought in a State court of

26       which the district courts of the United

27       States have original jurisdiction, may be

28       removed by the defendant or the defendants,

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1    to the district court of the United States

2    for the district and division embracing the

3    place where such action is pending."

4

5    28 U.S.C. § 1441(b).  Removal on such "federal question" grounds

6    is proper even if the parties are not of diverse citizenship, and

7    without regard to the amount in controversy.  28 U.S.C.

8    § 1441(b).

9

10        7.    This action arises under the laws of the United

11   States, and this court has federal question jurisdiction, because

12   Plaintiff's claims are based on conduct occurring entirely in the

13   Port Hueneme facility on Naval Base Ventura County, which is a

14   federal enclave.  When a person's alleged injuries took place on

15   a federal enclave, including a military base, the action is said

16   to "arise under" federal law, and is therefore subject to federal

17   question jurisdiction.  *See Willis v. Craig*, 555 F.2d 724, 726

18   (9th Cir. 1977); *Fung v. Abex Corp.*, 816 F. Supp. 569, 571 (N.D.

19   Cal. 1992); *Mater v. Holley*, 200 F.2d 123, 125 (5th Cir. 1952).

20

21   A.   The "Federal Enclave" Doctrine.

22

23        8.    The "federal enclave" doctrine is derived from the

24   U.S. Constitution, Article I, Section 8, Clause 17, which states

25   that "Congress shall have Power … to exercise like Authority over

26   all Places purchased by the Consent of the Legislature of the

27   State in which the Same shall be…"  The United States' exclusive

28   jurisdiction over what is then essentially its own property is

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1  set out by the Supremacy Clause of the U.S. Constitution, which

2  provides that on U.S. government lands, "This Constitution, and

3  the Laws of the United States which shall be made in Pursuance

4  thereof; … shall be the supreme Law of the Land…" *U.S. Const.*

5  *Art. VI, cl. 2.*

6

7      9.  The Supremacy Clause and the Plenary Powers Clause

8  of the Constitution provide Congress with exclusive authority

9  over the regulation of federal facilities and activities.  *See*

10  *McCulloch v. Maryland,* 17 U.S. 316 (1819).  Absent unambiguous

11  authorization from Congress, the activities conducted on federal

12  installations are shielded from state law or regulation enacted

13  after the creation of an enclave.  *Goodyear Atomic Corp. v.*

14  *Miller*, 486 U.S. 174, 180 (1988) (quoting *Environmental*

15  *Protection Agency v. California ex rel. State Water Resources*

16  *Control Bd.*, 426 U.S. 200, 211 (1976).  The Constitution provides

17  for "immunity of the instruments of the United States from state

18  control in the performance of their duties."  *Johnson v.*

19  *Maryland,* 254 U.S. 51, 57 (1920).

20

21      10.  Only state laws in effect at the time of cession

22  or transfer of jurisdiction to a federal enclave can continue in

23  operation.  *See James Stewart & Co.*, 309 U.S. 94, 100, 60 S. Ct.

24  431 (1940).  Laws subsequently enacted by the state are

25  inapplicable in the federal enclave unless they come within a

26  reservation of jurisdiction or are adopted by Congress.  *See id.;*

27  *Paul v. United States*, 371 U.S. 245, 268, 83 S. Ct. 426, 9 L. Ed.

28  2d 292 (1963); *see also* 91 C.J.S. United States § 15.  *Stiefel v.*

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1   *Bechtel Corp.*, 497 F. Supp. 2d 1147, 1153.  Thus, employees who

2   work on "federal enclaves" generally are not subject to the

3   surrounding state's laws, including anti-discrimination laws –

4   primarily because on federal property, federal law controls.  *See*

5   *Koren v. Martin Marietta Servs., Inc.*, 997 F. Supp. 196, 205-06

6   (D.P.R. 1998) (determining state wage and hour laws were

7   inapplicable); *see also Lamb v. Martin Marietta Energy Sys.,*

8   *Inc.*, 835 F. Supp. 959, 963 (W. D. Ky. 1993) (federal government

9   contractor shielded from state law liability for acts done on

10  federally owned facility, unless Congress clearly expresses a

11  contrary intent).

13  **B.   Plaintiff's Claims Arise From Conduct Occurring on the Naval**

14  **Base Ventura County.**

16       11.   Defendant Lincoln operates residential housing on

17  military bases, including the Port Hueneme facility on Naval Base

18  Ventura County, where Covarrubias worked.  (Declaration of Tom

19  Brown, ¶¶ 2-8).  Plaintiff alleges that Lincoln was contracted to

20  work for the United States Government to provide housing for

21  United States military personnel.  (Complaint, ¶ 7).  Plaintiff

22  alleges that his work address, and Lincoln's principal place of

23  business, was 1130 "A 34th Avenue, City of Port Hueneme,

24  California.  (Complaint, ¶ 4).

26       12.   Plaintiff's Complaint alleges that he was employed

27  by Lincoln when he took a leave of absence in April of 2009, and

28  continued his employment through his termination in December of

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1   2009.  (Complaint, ¶¶ 9-10).  Plaintiff alleges that during that

2   period, (1) Lincoln terminated his employment in retaliation for

3   taking a leave of absence protected under the California Family

4   Rights Act (Complaint, ¶¶ 9-15), and (2) Lincoln discriminated

5   against him and harassed him due to his medical condition, in

6   violation of the California Family Rights Act.  (Complaint, ¶¶

7   16-17).

8

9          13.   Throughout his employment, Covarrubias worked as a

10  Maintenance Technician for Lincoln.  A primary focus of his job

11  was preparing units for new military residents after previous

12  residents had moved out, called "make-readies."  All of

13  Covarrubias' work for Lincoln was performed on the Naval Base

14  Ventura County, either at the Port Hueneme Offices, or in and

15  around the residences of the service members and military

16  families, all of whom lived on the Naval Base.  (Brown Decl., ¶¶

17  2-4).  Additionally, all actions taken by Lincoln regarding

18  Covarrubias' employment of which Covarrubias now complains,

19  including granting his requests for medical leave, returning him

20  to his position, and terminating his employment (for poor

21  performance and violation of Lincoln policy) took place while

22  Covarrubias was employed on the Naval Base.  (Brown Decl., ¶¶ 2-

23  8).

24

25  C.   **Port Hueneme, on Naval Base Ventura County, is a Federal**

26       **Enclave**.

27

28          14.   Port Hueneme is a United States Military facility

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1   and a "federal enclave". (Brown Decl., ¶ 5).  As the Court

2   explained in *Stiefel v. Bechtel Corp.,* 497 F. Supp. 2d 1153, 1157

3   (S.D. Cal. 2007), when a United States military base establishes

4   a federal enclave, "within the exclusive territorial jurisdiction

5   of the United States . . . .," the government contractor is not

6   subject to state laws such as the California Labor Code or

7   California Family Rights Act.  Because the "federal enclave"

8   doctrine applies to Plaintiff's claims, this Court has federal

9   question jurisdiction.

10

11                          **CONCLUSION**

12

13          Because Plaintiff's asserted claims arise from conduct

14   allegedly occurring at Port Hueneme on Naval Base Ventura County,

15   and Port Hueneme is an exclusive federal enclave, his claims

16   arise, if at all, under federal law, even though they are pled as

17   arising under California law.  Therefore, Defendant respectfully

18   requests that this Court exercise its removal jurisdiction over

19   this action.

20

21   DATED: December 28, 2011  PAYNE & FEARS LLP

22

23                      By: _____

24                           NATHAN A. CAZIER

25                      Attorneys for Defendant
                        LINCOLN MILITARY PROPERTY MANAGEMENT,
                        INC.
26   4822-8616-1673, v. 2

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-7-

1                              INDEX OF EXHIBITS

2   EXHIBIT A:      Letter delivering Complaint and Amendment

3   EXHIBIT B:      Notice of Acknowledgement of Receipt

4   EXHIBIT C:      Signed Notice of Acknowledgement of Receipt

5

6   4831-4164-8654.1

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

VICTOR C. ROSE   (1907-1972)
ALFRED M. KLEIN  (1913-2000)
EUGENE MARIAS  (1919-1982)

\* ROBERT B. STEINBERG
\* HOWARD N. LEHMAN
\* JASON A. GOTTLIEB
\* HERBERT I. GALPERSON
   MARVIN N. SHAPIRO
\* BARRY I. GOLDMAN
\* G. RONALD FEENBERG
   DENNIS D. WELCH
   GREGORY STAMOS
   DENNIS J. SHERWIN
\* ROBERT I. VINES
\* MANUEL L. NUNES
   DAVID A. ROSEN
   RICHARD G. BARONE
   WILLIAM M. GREWE
   HARRY H. SAMARGHACHIAN
   DAVID S. GALPERSON

\* DENOTES PROFESSIONAL CORPORATION
† ADMITTED ONLY IN SWEDEN

LAW OFFICES OF

# ROSE, KLEIN & MARIAS LLP

877 S. VICTORIA AVE, SUITE 205
VENTURA, CALIFORNIA 93003-6043
FAX (805) 642-9627
(805) 642-7101
WWW.RKMLAW.NET

TONI RAYKOVICH
ALAN P. RIFFEL
LAUREN BELGER
CHRISTEL A. SCHOENFELDER

WENDY HAYWARD-MARSHALL
ANDREW J. SHORENSTEIN
BABETTE F. BEMEL
LILIA BALLESTEROS
†RONNY MARTINSSON
JANET U. KROPP
MARCUS S. LOO
LISA F. JOU
ESTHER OZ
THOMAS F. MORTIMER JR.
BENHUR SHERVAN
KEVIN SMITH
DENNIS BELMUDES
BRIAN J. RAMSEY
ERIN KEEFE

November 15, 2011

Mr. James R. Moss, Jr.
**Payne & Fears, LLP**
4 Park Plaza, Suite 1100
Irvine, CA  92614

RE:   John Covarrubias v. Lincoln Military Housing
        Case No:  56-2011-00398425-CU-OE-VTA

Dear  Mr. Moss:

Enclosed with this correspondence are the following documents for your attention:

1.   Summons;
2.   Complaint;
3.   Name Correction;
4.   Notice of Case Assignment;
5.   ADR Information; and
6.   Notice and Acknowledgment of Receipt (for your consideration).

My recollection is that you would be in a position to accept service upon correction of the name.  If that is not the case, please let me know and I will formally serve.

Please be aware that while the Court noticed a November 21 CMC, it has been vacated.  Therefore, rather than cause a lot of unintended scurrying around your office, I removed notice of it from the enclosed packet.

—*continued*---

Exhibit **A** Pg. **8**

2030 EAST 4TH STREET, SUITE 129B
SANTA ANA, CALIFORNIA 92705
(714) 937-9205 • FAX (562) 436-6157

200 OCEANGATE BLVD., SUITE 815
LONG BEACH, CALIFORNIA 90802
(562) 436-4696 • FAX (562) 436-6157

3536 CONCOURS, SUITE 210
ONTARIO, CALIFORNIA 91764-4922
(909) 944-1711 • FAX (909) 944-1722

801 SOUTH GRAND AVENUE, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017-4645
(213) 626-0571 • FAX (213) 623-7755

1290 CENTER COURT DRIVE
COVINA, CALIFORNIA 91724
(626) 967-1408 • FAX (909) 944-1722

15910 VENTURA BOULEVARD, 18TH FLOOR
ENCINO, CALIFORNIA 91436-2819
(818) 781-1420 • FAX (213) 623-7755

5333 MISSION CENTER ROAD, SUITE 380
SAN DIEGO, CALIFORNIA 92108
(619) 278-0958 • FAX (619) 220-0667

12800 CENTER COURT DRIVE, SUITE 500
CERRITOS, CALIFORNIA 90703
(562) 436-4696 • FAX (562) 436-6157

LAW OFFICES OF
ROSE, KLEIN & MARIAS LLP

James R. Moss, Jr., Esq.
November 15, 2011
page two


    Thank you for your cooperation.  If you have any questions, please do not hesitate to call.


    Very truly yours,

    ROSE, KLEIN & MARIAS LLP


    WILLIAM M. GREWE, ESQ.

WMG:mal
enclosures

Exhibit **A** Pg **9**

WILLIAM M. GREWE, ESQ. (State Bar No. 100824)
ROSE, KLEIN & MARIAS LLP
877 S. Victoria Ave., Suite 205
Ventura, CA 93003
Tel.: (805) 642-7101/ Fax: (805) 642-9627

Attorneys for Plaintiff JOHN COVARRUBIAS

VENTURA
SUPERIOR COURT
FILED

JUN 13 2011

MICHAEL D. PLANET
Executive Officer and Clerk
BY: _____ Deputy

M. AKUNA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF VENTURA

JOHN COVARRUBIAS,

          Plaintiff,

    vs.

LINCOLN MILITARY HOUSING, an unknown
entity, and DOES 1 through 50, inclusive,

          Defendants.

Case N 56-2011-00398425-CU-OE-VTA

**COMPLAINT FOR DAMAGES**

COMES NOW plaintiff JOHN COVARRUBIAS ("Plaintiff") and for his causes of action against defendants, and each of them, complains and alleges:

    AS FOR A FIRST, SEPARATE AND DISTINCT CAUSE OF ACTION FOR RETALIATION IN AN EMPLOYMENT CONTEXT, IN VIOLATION OF CALIFORNIA LAW, PLAINTIFF COMPLAINS AND ALLEGES OF DEFENDANTS LINCOLN MILITARY HOUSING, AN UNKNOWN ENTITY, and DOES 1 THROUGH 50, AND EACH OF THEM, AS FOLLOWS:

Exhibit _A_ Pg _10_

1

1.      The true names and capacities of Does 1 through 50, inclusive, whether individual, corporate, associate or otherwise, are unknown to the plaintiff at the present time, and when plaintiff ascertains the true names and capacities of said Defendants, she will ask leave of Court to amend this Complaint by setting forth same. Plaintiff is informed and believes, and thereon alleges, that each Doe Defendant was negligent and that such negligence was a legal cause of the injuries and damages alleged herein and/or that each defendant is otherwise liable at law for the injuries and damages alleged herein.

2.      That, at all times mentioned herein, defendants, and each of them, were the agents, servants and employees, each of the other, acting within the course and scope of said employment and agency.

3.      That the unlawful acts complained of occurred in Ventura County.

4.      That at all relevant times Plaintiff's work address, and defendant LINCOLN MILITARY HOUSING and Does 1 through 10's principal place of business of was, and is, 1130 "A" 34th Avenue, City of Port Hueneme, California.

5.      That Plaintiff JOHN COVARRUBIAS was, at all relevant times alleged herein, an employee of LINCOLN MILITARY HOUSING  and Does 1 through 10.

6.      That all of the unlawful acts complained of herein occurred during the course and scope of plaintiff's employment with defendants LINCOLN MILITARY HOUSING and DOES 1 through 10.

7.      Plaintiff alleges that at all relevant times, LINCOLN MILITARY HOUSING and Does 1 through 10, were contractors with the United States government whose business was to maintain, prepare, manage and oversee housing of the United States government which was intended to be occupied by members of the military. .

8.      That Defendants LINCOLN MILITARY HOUSING and Does 1 through 10, at all relevant times, were the employer of more than 500 persons.

Exhibit _A_ Pg _11_

2

COMPLAINT FOR DAMAGES

9.        That from approximately April 2009 to July 16, 2009, Plaintiff was off work on a CFRA protected leave.  On or about July 16, 2009, Plaintiff was released to return to work without restrictions.  Plaintiff reported for work but was reinstated at a lower level position than the one he had been working at the time he went out on medical leave.  On or about August 9, 2009, Plaintiff was reinstated in his pre-leave position but his co-employees were instructed not to provide customary assistance related to work tasks.  Plaintiff was, between August 27, 2009 and December 16, 2009, held to a higher performance standard, expected to work without support, expected to work faster, and, otherwise, treated harsher than co-employees.  Between September 13, 2009 and November 24, 2009, Plaintiff was subjected to discipline while similarly-performing co-employees were not.

10.      On December 16, 2009, Plaintiff was terminated because he had taken a medical leave afforded by law.  Since his return to work, post his medical leave, he had been treated differently, disciplined and subjected to unfair and unreasonable scrutiny so that a "paper trail," not based upon his actual job performance with respect to the standard applied to co-employees, could be created culminating with termination. Defendants LINCOLN MILITARY HOUSING and Does 1 through 10's stated reason for termination was that Plaintiff was terminated because he was unable to perform his job duties in a timely manner and a set of keys to a home were missing.  This was not so and defendants knew it misstated the facts.   In fact, Plaintiff was terminated in retaliation for his taking medical leave.

11.      Plaintiff complained to management of Defendants LINCOLN MILITARY HOUSING and Does 1 through 10 about what was occurring but no full investigation was conducted to plaintiff's knowledge.  Rather, retaliation was permitted to occur.  Ultimately, as a direct result, plaintiff was terminated.

13.      On or about August 9, 2009, Plaintiff filed a Charge of Discrimination with the California Department of Fair Employment and Housing ("DFEH") against

Exhibit _A_ Pg _12_

LINCOLN MILITARY HOUSING.   The DFEH sent plaintiff a Right-To-Sue letter dated February 24, 2011.

12.      That as a sole, direct and legal result of the acts alleged hereinabove, plaintiff was injured in his health, strength and activity and was emotionally injured.

13.      That as a further sole, direct and legal result of the incident and acts alleged hereinabove, Plaintiff was injured in an amount to be proven at trial.

14.      That as a further sole, direct and legal result of the incident and acts alleged hereinabove, Plaintiff was caused to sustain a loss of income which is ongoing. Plaintiff is informed and believes, and thereon alleges, that he could sustain an additional loss or income in the future in an amount not known to him as he is unemployed.

15.      That the conduct and harassment of Plaintiff, due to his having taken a medical leave as provided under California law, by supervisors, was at all times known to Defendants, whether by actual or constructive notice and was so pervasive that it was meant to vex, annoy and harass plaintiff, and was done with reckless disregard for Plaintiff's rights.

**AS FOR A SECOND, SEPARATE AND DISTINCT CAUSE OF ACTION FOR DISCRIMINATION IN EMPLOYMENT ON THE BASIS OF MEDICAL CONDITION, PLAINTIFF COMPLAINS AND ALLEGES OF DEFENDANTS AND EACH OF THEM, AS FOLLOWS:**

16.      Plaintiff repeats and realleges all of the allegations set forth in paragraphs 1 through 15 of the first cause of action as though set forth herein in full.

17.      That at all times Plaintiff, suffered disparate treatment as a direct result of his medical condition.  The harassment alleged herein was perpetrated by a supervisor, specifically, Hector Zaragosa.  Had Plaintiff been a person without a medical condition, he would not have been subjected to the same treatment or

4

COMPLAINT FOR DAMAGES

Exhibit A Pg 13

harassment by Hector Zaragosa which was condoned management above Hector Zaragosa.

WHEREFORE, Plaintiff prays for judgment against all defendants, and each of them, as follows:

1.  For general damages in an amount within the jurisdictional limits, according to proof;

2.  For the reasonable value of medical care and attention required, if any, and which will be required in the future;

3.  For the reasonable value of loss of earnings, and loss of earning capacity;

4.  For exemplary damages, in a sum according to proof, as allowed by law as to each cause of action;

5.  For attorneys' fees, in a sum according to proof, as allowed by law;

6.  For any and all other special damages to be proven at the time of trial and which are allowed by law;

7.  For costs of suit, and for such other and further relief as the Court may deem just and proper;

8.  Any and all statutory remedies.

DATED: June 13, 2011                              ROSE, KLEIN & MARIAS, LLP


                                                  By: _____
                                                  WILLIAM M. GREWE, ESQ.
                                                  Attorneys for Plaintiff JOHN
                                                  COVARRUBIAS

Exhibit _A_ Pg. _14_

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF VENTURA

800 South Victoria Avenue

Ventura , CA 93009

(805) 654-2609

## NOTICE OF CASE ASSIGNMENT

Case Number: **56-2011-00398425-CU-OE-VTA**

Your case has been assigned for all purposes to the judicial officer indicated below. A copy of this Notice of Case Assignment must be served on all named defendants/respondents with the complaint or petition, and with any cross-complaint that names a new party to the underlying action.

| ASSIGNED JUDICIAL OFFICER | COURT  LOCATION | DEPT/ROOM |
|---|---|---|
| Hon. Rebecca Susan Riley | Ventura | 40 |

[ x ]  ADR Information attached.

## SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**

Court calendars vary from courtroom to courtroom. You may contact the clerk's office for more information when you need to schedule a hearing before the judicial officer.

**Ex Parte Matters**

To set an ex parte hearing, contact the judicial secretary in the assigned department. Per Local Rule 15.03, all ex parte documents must be filed in the courthouse where the ex parte application shall be heard.

**Noticed Motions**

Contact the clerk's office to reserve a date for a law and motion matter. Per Local Rule 3.19, all law and motion documents must be filed in the courthouse where the motion shall be heard.

**Other Information**

You can visit the court's website at www.ventura.courts.ca.gov for public access to non-confidential case information, local rules and forms, and other court information.

Clerk of the Court,

Date:  06/13/2011

By: _____

Monika Akuna, Clerk

Exhibit _A_ Pg. _15_

VEN-FNR051

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)* | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

☐   800 SOUTH VICTORIA AVE, VENTURA CA. 93009

☐   3855 - F ALAMO ST. SIMI VALLEY, CA. 93062-1200

PLAINTIFF:

DEFENDANT:

| STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS | CASE NUMBER: |
|---|---|

The parties and their attorneys stipulate that the claim(s) in this action shall proceed to the following alternative dispute resolution process:

☐ Private Mediation                  ☐ Volunteer Mediation _____

☐ Mandatory Early Settlement Conference   ☐ Assignment to Private Judge

☐ Binding Arbitration                ☐ Non-Binding Arbitration

☐ Other (specify): _____

It is further stipulated that the deadline for selection of a neutral and completion of the ADR process is: _____

_____

Plaintiff (print)                          Defendant (print)

_____

Signature of Plaintiff                      Signature of Defendant

_____

Plaintiff's Attorney (print)                Defendant's Attorney (print)

_____

Attorney's Signature                        Attorney's Signature

Dated: _____            Dated _____

**IT IS SO ORDERED.**

IT IS FURTHER ORDERED THAT: _____

_____

_____

Dated: _____                    _____
                                            Judicial Officer

VN164   01/01/02   STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS

Exhibit *A* Pg. *16*

# Ventura County Superior Court
## Civil Case Track Time Schedule

| Day | Event | Comment |
|-----|-------|---------|
| 1 | Complaint filed with Case Information Sheet, Declaration re Court Assignment and Civil Case Cover Sheet. | Judge is assigned; the track is determined. |
| 60 | **Proof(s) of service filed with court.** | **Plaintiff must file proof(s) of service within 60 days of filing of complaint or OSC will be set.** |
| 65 | Notice of OSC sanctions for failure to file Proof(s) of Service. | Notice of OSC date sent. |
| 75 | Hearing re OSC sanctions for failure to file proof(s) of service. | Plaintiff must file Proof(s) of Service or appear and show cause at set hearing, or the plaintiff's attorney will be sanctioned. |
| 110 | Hearing re OSC re entry of default as to non-responding parties set. | Plaintiff must file request to enter default within 10 days after time for service has elapsed or appear at hearing. |
| 110 | **Notice of Case Management Conference.** | **If Case Management Statement is filed no appearance at hearing is necessary. (Statement must be filed 15 days prior to hearing.)** |
| 150 | **Deadline to file Case Management Statement.** | **If Case Management Statement is not timely filed it may not be considered.** |
| 165 | Case Management Conference held. | If Case Management Statement is not filed hearing will remain on calendar and appearance is required. |
| 180 | Case Management Order sent to Case Management Unit. | Notice of trial date, MSC, arbitration sent. |
| 180 | Non Arbitration cases - trial date is set 49 weeks after original filing date; Mandatory Settlement Conference set approximately 3 weeks prior to trial. | Notice of Trial and MSC dates sent. |
| 200 | Arbitration cases- Notice with Panel of Arbitrators is mailed. | Parties have ten days to file a rejection of Arbitrator or Stipulation to Arbitrator. |
| Note | **Arbitration cases will be given a post-arbitration trial date. Setting is approximately 49 weeks after filing of complaint.** | |
| 211 | Notice of selection of Arbitrator sent to all parties and Arbitrator. | If no stipulation and no rejection of arbitrators is received, the court selects arbitrator and gives notice. |
| 270 | Arbitration cases: award or request for trial de novo filed. | Arbitration is not deemed complete until the arbitration award is filed with the court. |
| 320 | Mandatory Settlement Conferences. | Mandatory Settlement Conference Statements must be filed five (5) court days prior to conference. |
| 340 | Trials. | |

Exhibit _A_ Pg _17_

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address).* | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| William M. Grewe, Esq.<br>877 S. Victoria Ave., #205<br>Ventura, CA 93003 | 805-642-7101 | VENTURA<br>SUPERIOR COURT<br>FILED<br><br>NOV 10 2011<br><br>MICHAEL D. PLANET<br>Executive Officer and Clerk<br>BY_____, Deputy<br>M. MIJARES |
| ATTORNEY FOR *(Name)*: Plaintiff John Covarrubias | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

[X] 800 SOUTH VICTORIA AVE, VENTURA CA. 93009

[ ] 3855 - F ALAMO ST. SIMI VALLEY, CA. 93063-2110    [ ] Limited Civil Case

PLAINTIFF: COVARRUBIAS

DEFENDANT: LINCOLN MILITARY HOUSING

| AMENDMENT TO COMPLAINT | CASE NUMBER:<br>56-2011-00398425-CU-OE-VTA |
|---|---|

## FICTITIOUS NAME (No order required)

Upon filing the complaint in this case, plaintiff(s) being ignorant of the true name of a defendant, designated such defendant in the complaint by the fictitious name of _____

Having discovered the defendant's true name to be _____

the plaintiff(s)now amend(s) the complaint by inserting such true name instead of such fictitious name wherever it appears in the complaint.

_____
Attorney(s) for Plaintiff(s)

## INCORRECT NAME (Requires order thereon)

Plaintiff(s) having designated a defendant in the complaint by the incorrect name of   LINCOLN MILITARY HOUSING

Having discovered the true name of the defendant to be   LINCOLN MILITARY PROPERTY MANAGEMENT, INC.

Plaintiff requests the complaint be amended by inserting such true name instead of such incorrect name wherever it appears in the complaint.

ROSE, KLEIN & MARIAS, LLP

_____
Attorney(s) for Plaintiff(s)
By:   WILLIAM M. GREWE

## ORDER

Proper cause appearing, the above amendment to the complaint is allowed.

Dated ___11/8/11___

**REBECCA S. RILEY**

_____
Judge
HON. REBECCA S. RILEY

# EXHIBIT B

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| WILLIAM M. GREWE, ESQ.<br>ROSE, KLEIN & MARIAS, LLP<br>877 S. Victoria Avenue, Suite 205<br>Ventura, CA 93003<br>　　　TELEPHONE NO.: 805-642-7101　　　FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>　　ATTORNEY FOR (Name): Plaintiff JOHN COVARRUBIAS | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA |
|---|
| STREET ADDRESS: 800 S. Victoria Avenue |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Ventura, CA 93009 |
| BRANCH NAME: |

| PLAINTIFF/PETITIONER: |
|---|
| 　　　JOHN COVARRUBIAS |
| DEFENDANT/RESPONDENT: LINCOLN MILITARY PROPERTY MANAGEMENT, INC. |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT--CIVIL | CASE NUMBER:<br>56-2011-00398425-CU-OE-VTA |
|---|---|

TO (insert name of party being served): LINCOLN MILITARY PROPERTY MANAGEMENT, INC.

---

**NOTICE**

The Summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of the mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgement of receipt below.

Date of mailing: _11-3-2011_

WILLIAM M. GREWE, ESQ.
_____
TYPE OR PRINT NAME

▶ _____
(SIGNATURE OF SENDER - MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other: (specify): Amendment to Complaint;  Notice of Case Assignment and ADR Information

(To be completed by recipient):
Date this form is signed:

JAMES R. MOSS, JR, ESQ.
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF
ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
Attorney for Lincoln Military Property Management, Inc.
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BE HALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10 |
|---|---|---|

Exhibit B

# EXHIBIT C

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| WILLIAM M. GREWE, ESQ. <br> ROSE, KLEIN & MARIAS, LLP <br> 877 S. Victoria Avenue, Suite 205 <br> Ventura, CA  93003 <br> TELEPHONE NO.: 805-642-7101     FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): Plaintiff JOHN COVARRUBIAS | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
  STREET ADDRESS: 800 S. Victoria Avenue
  MAILING ADDRESS:
  CITY AND ZIP CODE: Ventura, CA  93009
  BRANCH NAME:

PLAINTIFF/PETITIONER:
    JOHN COVARRUBIAS

DEFENDANT/RESPONDENT:  LINCOLN MILITARY PROPERTY MANAGEMENT,
                       INC.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT--CIVIL | CASE NUMBER: <br> 56-2011-00398425-CU-OE-VTA |
|---|---|

TO (insert name of party being served):  LINCOLN MILITARY PROPERTY MANAGEMENT, INC.

**NOTICE**

The Summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure.  Your failure to complete this form and return it within 20 days from the date of the mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity.  In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons.  If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgement of receipt below.

Date of mailing: 11-0-2011

WILLIAM M. GREWE, ESQ.
─────────────────────────────────────
TYPE OR PRINT NAME          ► _____
                             (SIGNATURE OF SENDER - MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. ☒  A copy of the summons and of the complaint.
2. ☒  Other: (specify):  Amendment to Complaint;  Notice of Case Assignment and ADR Information

(To be completed by recipient):
Date this form is signed: 11/28/2011

JAMES R. MOSS, JR., ESQ.
─────────────────────────────────────      ► _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF           Attorney for Lincoln Military Property Management, Inc.
ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)               (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
                                                         ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Exhibit C Pg. 20

NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL

Code of Civil Procedure,
§§ 415.30, 417.10

11/28

<div style="text-align:center;">

**PROOF OF SERVICE**

</div>

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On November 28, 2011, I served true copies of the following document(s) described as **NOTICE AND ACKNOWLEDGMENT OF RECEIPT** on the interested parties in this action as follows:

| | |
|---|---|
| William M. Grewe, Esq. | Counsel for Plaintiff |
| ROSE, KLEIN & MARIAS, LLP | JOHN COVARRUBIAS |
| 877 S. Victoria Avenue, Suite 205 | |
| Ventura, CA 93003 | |
| T: (805) 642-7101 | |
| F: (805) 642-9627 | |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Payne & Fears LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY FAX TRANSMISSION:** I faxed a copy of the document(s) to the persons at the fax numbers listed in the Service List. I sent this transmission at 3:45 p.m. The telephone number of the sending facsimile machine was (949) 851-1212. No error was reported by the fax machine that I used.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 28, 2011, at Irvine, California.

Lauren E Migliore

<div style="writing-mode:vertical;">
PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100
</div>

Exhibit C Pg 21

```
                    ┌─────────────────────┐
                    │  JOB STATUS REPORT  │
                    └─────────────────────┘

                              TIME  : 11/28/2011 15:49
                              NAME  : PAYNE & FEARS LLP
                              FAX#  : 9498511212
                              TEL#  : 9498511100
                              SER.# : 008100016
```

```
┌────────────────────────────────────────────────────────────────────┐
│                                                                      │
│   DATE,TIME               11/28  15:48                               │
│   FAX NO./NAME            18056429627                                │
│   DURATION                00:00:43                                   │
│   PAGE(S)                 03                                         │
│   RESULT                  OK                                         │
│   MODE                    STANDARD                                   │
│                           ECM                                        │
│                                                                      │
└────────────────────────────────────────────────────────────────────┘
```



# PAYNE & FEARS LLP

Jamboree Center, 4 Park Plaza, Suite 1100
Irvine, California 92614
T (949) 851-1100 • F (949) 851-1212
www.paynefears.com

# FAX COVER SHEET

| To | Company | Phone | Fax |
|---|---|---|---|
| William M. Grewe | William M. Grewe, Esq. | 805-642-7101 | 805-642-9627 |

**From:** Lauren E Migliore

**Date:** November 28, 2011

**File No.:** 2630.000

**Special Instructions:**

This communication consists of **3 pages**, including this cover sheet. If you do not receive all pages, please call Lauren E Migliore at (949) 851-1100. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service. Thank you.

**Comments:**

re: *John Covarrubias v. Lincoln Military Property Management, Inc.*

Exhibit C Pg. 22

1

## PROOF OF SERVICE

2  **STATE OF CALIFORNIA, COUNTY OF ORANGE**

3

4      At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Orange,
5  State of California.  My business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

6
7      On December 28, 2011, I served true copies of the following document(s) described as **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331 AND 1441** on the interested parties
8  in this action as follows:

9

10      William M. Grewe, Esq.        Counsel for Plaintiff JOHN
        ROSE, KLEIN & MARIAS, LLP     COVARRUBIAS
11      877 S. Victoria Avenue,
        Suite 205
12      Ventura, CA 93003
        T: (805) 642-7101
13      F: (805) 642-9627

14

15  ☒  **BY MAIL:**  I enclosed the document(s) in a sealed envelope or
        package addressed to the persons at the addresses listed in
16      the Service List and placed the envelope for collection and
        mailing, following our ordinary business practices.  I am
17      readily familiar with Payne & Fears LLP's practice for
        collecting and processing correspondence for mailing.  On
18      the same day that the correspondence is placed for
        collection and mailing, it is deposited in the ordinary
19      course of business with the United States Postal Service, in
        a sealed envelope with postage fully prepaid.

20
        I declare under penalty of perjury under the laws of the
21      United States of America that the foregoing is true and
        correct and that I am employed in the office of a member of
22      the bar of this Court at whose direction the service was
        made.

23
        Executed on December 28, 2011, at Irvine, California.

24

25                          *Terri M. Shaw*
26                          Terri M. Shaw

27

28  4828-7223-0670.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PROOF OF SERVICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV11- 10736 DMG (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY